TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT  06905
Telephone:  (480) 247-9644
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Roger Abea

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Roger Abea,<br><br>           Plaintiff,<br><br>      vs.<br><br>Pioneer Credit Recovery, Inc.; and DOES<br>1-10, inclusive,<br><br>           Defendants. | Case No.: 2:14-cv-7257<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET. SEQ*;**<br><br>**JURY TRIAL DEMANDED** |

For this Complaint, Plaintiff, Roger Abea, by undersigned counsel, states as follows:

## JURISDICTION

1.     This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4.     Plaintiff, Roger Abea (hereafter "Plaintiff"), is an adult individual residing at Long Beach, California, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

5.     Defendant, Pioneer Credit Recovery, Inc. ("Pioneer"), is a New York business entity with an address of 26 Edward Street, Arcade, New York 14009, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

6.     Does 1-10 (the "Agents") are individual agents employed by Pioneer and whose identities are currently unknown to Plaintiff.  One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7.     Pioneer at all times acted by and through one or more of the Agents.

## FACTS

8.      Beginning in or around June of 2014, Pioneer contacted Plaintiff on his cellular telephone for reasons that are unknown to Plaintiff.

9.      At all times mentioned herein, Pioneer placed calls to Plaintiff's cellular telephone [562-794-XXXX] using an automated telephone dialing system ("ATDS" or "predictive dialer").

10.      When Plaintiff answered the calls from Pioneer, he was met with a whistling sound, and then the call would terminate.

11.      Plaintiff never provided his telephone number to Pioneer and never provided his consent to be called by Pioneer.

12.      Plaintiff has no prior business relationship with Pioneer and has no idea why Pioneer was calling him.

13.      Plaintiff never provided his consent to Pioneer to place ATDS calls to his cellular telephone.

14.      In an attempt to have the calls stop, Plaintiff called Pioneer and spoke with an Agent from Pioneer.

15.      During the aforementioned conversation, the Agent from Pioneer was unable to explain why Plaintiff was receiving the telephone calls.

16.      Following this conversation, Pioneer continued to place ATDS calls to Plaintiff.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, *et seq.*

17.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18.     At all times mentioned herein and within the last year, Pioneer called Plaintiff on his cellular telephone using an ATDS or predictive dialer.

19.     In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…" *2003 TCPA Order*, 18 FCC 36 Rcd 14022.  The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*.  In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

20.     Pioneer's telephone systems have earmarks of a predictive dialer.

21.     When Plaintiff answered calls from Pioneer, he heard a whistling sound, and then the call would terminate.

4                                    COMPLAINT FOR DAMAGES

22.     Upon information and belief, Pioneer's predictive dialer has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

23.     Without prior express consent, Pioneer contacted Plaintiff by means of ATDS calls to his cellular phone, knowing that it lacked consent to call his number. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA and is subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

24.     The telephone number called by Pioneer was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

25.     The calls from Pioneer to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

26.     As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B).

27.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

COMPLAINT FOR DAMAGES

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants as follows:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B.  Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

C. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  September 17, 2014   TRINETTE G. KENT

By:  _/s/  Trinette G. Kent_
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Roger Abea